IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MICHAEL RAY SMITH,  §  <br> Petitioner, § <br> § <br> v. § <br> § <br> LORIE DAVIS, *Director*, TDCJ-CID § <br> Respondent. § | No. 3:17-CV-983-M (BT) |

# **FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
# **OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner Michael Ray Smith, a Texas prisoner, filed a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254. The District Court referred the resulting cause of action to the United States magistrate judge for pretrial management, pursuant to 28 U.S.C. § 636(b). For the following reasons, the Court should dismiss the petition with prejudice as barred by limitations.

I.

Petitioner challenges his conviction for capital murder and resulting life sentence. *State of Texas v. Michael Ray Smith*, No. F-94-18633-WKU (291st Dist. Ct., Dallas County, Tex., Sept. 14, 1994). He was seventeen years old at the time of the offense leading to his conviction and sentence. On July 9, 1996, Petitioner's conviction and sentence were affirmed on direct appeal. *Smith v. State*, No. 05-94-01583-CR (Tex. App. – Dallas, 1994). On December 4, 1996, the Texas Court of Criminal Appeals refused Petitioner's petition for discretionary review. PDR No. 1428-96

1

On December 31, 2002, Petitioner filed a state habeas petition. *Ex parte Smith*, No. 57,036-01. On September 24, 2003, the Texas Court of Criminal Appeals denied the petition without written order on the findings of the trial court without a hearing. On November 29, 2016, Petitioner filed a second state habeas petition. *Ex parte Smith*, No. 57,036-02. On February 22, 2017, the Texas Court of Criminal Appeals dismissed the petition as subsequent.

On April 4, 2017, Petitioner filed the instant § 2254 petition, asserting two general grounds for relief:

1. His sentence to life in prison under the mandatory sentencing scheme of Texas Penal Code §12.31(a) violated the Eighth Amendment's ban on cruel and unusual punishment; and

2. Texas Penal Code §8.07(b) violates the Due Process Clause by allowing a seventeen-year-old to be charged as an adult, thereby giving unwarranted jurisdiction of a juvenile to the adult court.

On July 26, 2017, Respondent filed her answer arguing, *inter alia*, that the petition is barred by limitations. On September 21, 2017, Petitioner filed a reply.

II.

A. **Statute of Limitations**

Petitioner filed his § 2254 petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Therefore, the AEDPA governs the present petition. *See Lindh v. Murphy*, 521 U.S. 320, 117 S. Ct. 2059, 2068, 138 L. Ed. 2d 481 (1997). The AEDPA establishes a one-year

2

statute of limitations for federal habeas proceedings.  *See* Antiterrorism and Effective Death Penalty Act, Pub. L. 104-132, 110 Stat. 1214 (1996).

In most cases, the limitations period begins to run when the judgment becomes final after direct appeal or the time for seeking such review has expired. 28 U.S.C. § 2244(d)(1)(A).[1]

On December 4, 1996, the Texas Court of Criminal Appeals refused Petitioner's petition for discretionary review.  The conviction became final ninety days later, on March 4, 1997.  *See* Sup. Ct. R. 13; *see also Roberts v. Cockrell* 319 F.3d 690, 694-95 (5th Cir. 2003) (state conviction becomes final for limitations purposes when time for seeking further direct review expires regardless of when

---

[1] The statute provides that the limitations period shall run from the latest of--

> (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking direct review;
>
> (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

mandate issues). Petitioner then had one year, or until March 4, 1998, to file his federal petition.

The filing of a state application for habeas corpus tolls the statute of limitations. *See* 28 U.S.C. § 2244 (d)(2). On December 31, 2002, Petitioner filed his first state habeas petition. The petition was filed after the statute of limitations expired. It therefore did not toll the limitations period.

Petitioner was required to file his § 2254 petition by March 4, 1998. He did not file his petition until April 4, 2017. His petition is therefore untimely under § 2244(d)(1)(A).

## B. *Miller v. Alabama*

Petitioner relies on the Supreme Court's decision in *Miller v. Alabama*, 567 U.S. 460 (2012), to argue his petition is timely under § 2244(d)(1)(C). Under § 2244(d)(1)(C), the limitations period runs from the date on which the constitutional right was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review.

In *Miller*, the Supreme Court held that "the Eighth Amendment forbids a sentencing scheme that mandates life in prison *without the possibility of parole* for juvenile offenders." *Id.* at 479 (emphasis added). Here, Petitioner was seventeen at the time of the offense. The Supreme Court has also held that *Miller*

4

applies retroactively to cases on collateral review. *Montgomery v. Louisiana*, ____ U.S. ___, 136 S. Ct. 718, 734-36 (2016).

Petitioner's reliance on *Miller*, however, is misplaced. The *Miller* holding is not applicable to Petitioner's sentence because he was not sentenced to life in prison without the possibility of parole. At the time of Petitioner's sentence, defendants convicted of capital murder in cases where the State did not seek the death penalty received an automatic life sentence that permitted parole. TEX. PENAL CODE § 12.31(a) (1994). Although later amendments to the Penal Code allowed a sentence of life without parole for a defendant who was at least 17 years old, in response to *Miller*, the Texas legislature amended § 12.31(a) in 2013 to provide that only defendants who were at least 18 years old could be sentenced to life without the possibility of parole.

Petitioner argues that *Miller's* holding is not confined to sentences of life without the possibility of parole, but that *Miller* prohibits any mandatory sentencing scheme for juvenile offenders. Petitioner misstates the scope of *Miller*. In *Miller*, the Court did not hold that a mandatory life sentence for juvenile offenders with the possibility of parole violates the Eighth Amendment. Rather, *Miller*'s holding is limited to juvenile offenders sentenced to life in prison without the possibility of parole. *Miller*, 132 S. Ct. at 2469. Petitioner has failed to show that *Miller* is applicable to his case.

## C.     Equitable Tolling

The one-year limitation period is subject to equitable tolling in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)). The Fifth Circuit has held that "'[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.'" *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). Petitioner bears the burden of proof to show he is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

In this case, Petitioner has made no argument that he was misled by the State or prevented in some extraordinary way from asserting his rights. Petitioner has failed to show that he is entitled to equitable tolling.

### III.

The Court recommends that the petition for a writ of habeas corpus be dismissed with prejudice as barred by the one-year limitation period. *See* 28 U.S.C. §2244(d).

Signed June 15, 2018.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO OBJECT

The Court directs the United States District Clerk to serve on the parties a true copy of the Findings, Conclusions, and Recommendation of the United States Magistrate Judge. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these Findings, Conclusions, and Recommendation must serve and file written objections within 14 days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these Findings, Conclusions, and Recommendation will bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the Findings, Conclusions, and Recommendation within 14 days after being served with a copy will bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).